## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

| | |
|---|---|
| **MONOIETTE ALLEN**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**LUCID GROUP USA, INC.**, a Delaware corporation,<br><br>Defendant. | CIVIL ACTION<br><br>Case No. 9:25-cv-80418<br><br>Judge:<br><br>Mag. Judge: |

### COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **MONOIETTE ALLEN** ("**ALLEN**" or "Plaintiff") by and through undersigned counsel, and states the following for her Complaint:

### CAUSES OF ACTION

1. This is an action brought under Title VII of the Civil Rights Act of 1964 (Title VII), the Florida Civil Rights Act (FCRA) and 42 U.S.C. §1981 (§1981) for (1) sexual harassment in violation of Title VII, (2) sexual harassment in violation of the FCRA, (3) retaliation in violation of Title VII and, (4) retaliation in violation of the FCRA, and (5) race discrimination in. violation of §1981.

### PARTIES

2. The Plaintiff, **MONOIETTE ALLEN** ("**ALLEN**") is an individual and a resident of Florida who at all material times was domiciled in Palm Beach

1

County, Florida, and who performed services for the Defendant in Palm Beach County, Florida.

3. Defendant, **LUCID USA, INC.** ("Defendant") is a Delaware corporation that employs greater than 15 employees, and employed **ALLEN** in Palm Beach County, Florida.

## JURISDICTION AND VENUE

4. This Court has jurisdiction of this matter under 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over **ALLEN**'s state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the United States District Court for the Middle District of Florida because **ALLEN** resides in, and the Defendant conducts business in, and some or all of the events giving rise to **ALLEN**'s claims occurred in Palm Beach County, Florida, which is within the Southern District of Florida. Venue is proper in the West Palm Beach Division since the action accrued in Palm Beach County, which is within the West Palm Beach Division.

7. **ALLEN** received her Notices of Right to Sue from United States Equal Employment Opportunity Commission ("EEOC") on February 13, 2025 and the instant Complaint is filed within the time frame required under the law. (A true and accurate copy of the Notice of Right to Sue is attached as Exhibit 1.)

## GENERAL ALLEGATIONS

8. **ALLEN** is an African-American female.

9. On or about July 31, 2023, **ALLEN** began working for the Defendant as a transaction operation associate.

10. **ALLEN** always performed her assigned duties in a professional manner and was very well qualified for her position.

11. After beginning her employment, **ALLEN** began to be subjected to sexual harassment and racial discrimination.

12. Almost immediately upon beginning her employment, **ALLEN** began to be subjected to sexual harassment. This included, but was not limited to: the male service manager attempting to initiate a sexual relationship with **ALLEN**, which was unwelcome by her and which she rejected, in addition to him constantly leering at her and making repeated comments on her body.

13. **ALLEN** made clear to the male service manager that she was not interested in a sexual relationship with him, but he persisted in his attempts to initiate a sexual relationship with her, even after her rejections and objections to the same.

14. Even after this, the service manager still continued and would even follow her around in the workplace to flirt with her, which was unwelcome and which interfered with her ability to perform her assigned duties.

15. Because of this, **ALLEN** made a formal complaint to the Defendant's human resources department in July 2024.

16. While the Defendant undertook to conduct an investigation, it took no remedial action while it performed the purported investigation and thus the sexual harassment continued unabated.

17. During this time, the Defendant's receptionist began making comments about **ALLEN** being "the only black person I know" while openly referring to African-Americans by the n-word in front of **ALLEN** and members of management, who took no corrective action towards the receptionist despite the obvious and open race-based slurs.

18. On or about September 4, 2024, the Defendant informed **ALLEN** that it completed its investigation, substantiated the sexual harassment but stated that the service manager would not be terminated but has been counseled.

19. As a result of this inadequate response, and because of the race-based harassment she was being subjected to, **ALLEN** submitted her resignation and was thus constructively discharged.

20. The Defendant has violated Title VII, the FCRA and 1981.

## **COUNT I – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, SEXUAL HARASSMENT**

21. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

22. **ALLEN** is a female and as such, is a member of a protected class.

23. At all material times, **ALLEN** was an employee and Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

24. **ALLEN** was, and is, qualified for the positions that she held with the Defendant.

25. **ALLEN** has endured sexual harassment, gender-based comments, harassment, jokes, and disparate treatment while employed, thereby altering the terms and conditions of her employment and creating a hostile work environment.

26. The acts, failures to act, practices and policies set forth above constitute intentional discrimination on the basis of **ALLEN**'s gender in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

27. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, **ALLEN** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

28. As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq. as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ALLEN** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

29. As a direct and proximate result of Defendant's actions, **ALLEN** has suffered damages, including but not limited to, a loss of employment

opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

30. **ALLEN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Punitive damages;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

### **COUNT II – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992, SEXUAL HARASSMENT**

31. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

32. **ALLEN** is a female and as such, is a member of a protected class.

33. At all material times, **ALLEN** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

34. **ALLEN** was, and is, qualified for the positions that she held with the Defendant.

35. **ALLEN** has endured sexual harassment, gender-based comments, harassment, jokes, and disparate treatment while employed with Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment.

36. The acts, failures to act, practices and policies of Defendant set forth above constitute intentional discrimination on the basis of **ALLEN**'s gender in violation of the FCRA.

37. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, **ALLEN** has lost benefits and privileges of her employment and has been substantially and significantly injured in her career path.

38. As a direct and proximate result of the violations of the FCRA as referenced and cited herein, and as a direct and proximate result of the prohibited

acts perpetrated against her, **ALLEN** is entitled to all relief necessary to make her whole as provided for under the FCRA.

39. As a direct and proximate result of Defendant's actions, **ALLEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

40. **ALLEN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

ii. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Punitive damages;

vi. Reasonable attorney's fees plus costs;

vii.   Compensatory damages, and;

viii.  Such other relief as this Court shall deem appropriate.

## COUNT III – VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964- RETALIATION

41.   Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

42.   **ALLEN** is a female a person and, as such, is a member of a protected class.

43.   At all material times, **ALLEN** was an employee and the Defendant was her employer covered by and within the meaning of Title VII of the Civil Rights Act of 1963, 42 U.S.C §2000e.

44.   **ALLEN** was qualified for the positions that she held with the Defendant.

45.   **ALLEN** endured continuous sexual harassment, gender-based comments, harassment, disparate treatment and inappropriate threats on her employment while employed with Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after **ALLEN** complained, caused the separation of her employment with Defendant.

46.     **ALLEN** complained to Defendant about the sexual harassment, hostile environment, violation of policies and retaliation, and Defendant clearly observed her growing discomfort concerning the same.

47.     **ALLEN**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of Defendant.

48.     Said protected activity was the proximate cause of Defendant's negative employment actions against **ALLEN**.

49.     Instead of preventing said treatment, Defendant retaliated against **ALLEN**.

50.     The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2.

51.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, **ALLEN** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

52.     As a direct and proximate result of the violations of 42 U.S.C. § 2000e et seq., as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ALLEN** is entitled to all relief necessary to make her whole as provided for under 42 USC § 2000e et seq.

53. As a direct and proximate result of Defendant's actions, **ALLEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

54. **ALLEN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

  i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

  ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

  iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

  iv. Punitive damages;

  v. Reasonable attorney's fees plus costs;

  vi. Compensatory damages, and;

  vii. Such other relief as this Court shall deem appropriate.

## COUNT IV – VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992- RETALIATION

55. Plaintiff incorporates by reference Paragraphs 1-20 of this Complaint as though fully set forth below.

56. **ALLEN** is a female a person and, as such, is a member of a protected class.

57. At all material times, **ALLEN** was an employee and the Defendant was her employer covered by and within the meaning of the FCRA.

58. **ALLEN** was qualified for the positions that she held with the Defendant.

59. **ALLEN** endured continuous sexual harassment, gender-based comments, harassment, and inappropriate threats on her employment while employed with Defendant, thereby altering the terms and conditions of her employment and creating a hostile work environment, which, after **ALLEN** complained, caused the separation of her employment with the Defendant.

60. **ALLEN** complained to Defendant about the sexual harassment, gender harassment, hostile environment, violation of policies and retaliation, and Defendant clearly observed her growing discomfort concerning the same.

61. **ALLEN**'s complaints constitute a protected activity because her complaints were concerning an unlawful activity of Defendant.

62. Said protected activity was the proximate cause of Defendant's negative employment actions against **ALLEN**.

63. Instead of preventing said treatment, Defendant retaliated against **ALLEN**.

64. The acts, failures to act, practices and policies of Defendant set forth above constitute retaliation in violation of the FCRA.

65. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, **ALLEN** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

66. As a direct and proximate result of the violations of the FCRA, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ALLEN** is entitled to all relief necessary to make her whole as provided for under the FCRA.

67. As a direct and proximate result of Defendant's actions, **ALLEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

68. **ALLEN** has exhausted her administrative remedies and this count is timely brought.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Punitive damages;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages, and;

vii. Such other relief as this Court shall deem appropriate.

## COUNT V – VIOLATION OF §1981

69. Plaintiff incorporates by reference Paragraphs 1-16 of this Complaint as though fully set forth below.

70. **ALLEN** is an African American person, and as such, is a member of a protected class.

71. At all material times, **ALLEN** was an employee, and the Defendant was her employer.

72. **ALLEN** was qualified for the positions that she held with the Defendant.

73. The acts, failures to act, practices and policies of the Defendant set forth above constitute intentional race-color discrimination in violation of §1981.

74. As a direct and proximate result of the violations of §1981, as referenced and cited herein, **ALLEN** has lost all of the benefits and privileges of her employment and has been substantially and significantly injured in her career path.

75. As a direct and proximate result of the violations of §1981, as referenced and cited herein, and as a direct and proximate result of the prohibited acts perpetrated against her, **ALLEN** is entitled to all relief necessary to make her whole as provided for under §1981.

76. As a direct and proximate result of the Defendant's actions, **ALLEN** has suffered damages, including but not limited to, a loss of employment opportunities, loss of past and future employment income and fringe benefits, humiliation, and non-economic damages for physical injuries, mental and emotional distress.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, and:

    i.    Back pay and all other benefits, perquisites and other compensation for employment which plaintiff would have received had she

    maintained her position with the Defendant, plus interest, including but not limited to lost salary and bonuses;

ii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iii. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

iv. Reasonable attorney's fees plus costs;

v. Compensatory damages;

vi. Punitive damages, and;

vii. Such other relief as this Court shall deem appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b) and the Seventh Amendment to the United States, the Plaintiff demands a trial by jury as to all issues triable as of right.

Respectfully submitted,

Dated: March 31, 2025  **s/ Benjamin H. Yormak**
           Benjamin H. Yormak
           Florida Bar Number 71272
           Lead Counsel for Plaintiff
           YORMAK EMPLOYMENT &DISABILITY LAW
           27200 Riverview Center Blvd., Suite 109
           Bonita Springs, Florida 34134
           Telephone: (239) 985-9691
           Fax: (239) 288-2534
           Email: byormak@yormaklaw.com